UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AARON WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:12 CV 252 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Aaron Williams' Amended

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  I

conclude that all of Williams' claims are conclusively refuted by the record, and so

I will deny the motion without a hearing.

*Background*

A Grand Jury charged Aaron Williams, along with three co-defendants, with

conspiracy to distribute and possess with intent to distribute in excess of one

kilogram of heroin.  Case No. 4:08CR566 CDP.  The government offered Williams

two plea agreements, but Williams went to trial instead.  His co-defendants all pled

guilty.  Williams was convicted by a jury after a trial in which he testified and

adamantly denied all involvement with the crime.  Because of a prior drug

conviction as charged in an information under 21 U.S.C § 851, Williams was

facing a mandatory minimum sentence of 20 years with a maximum of life under

21 U.S.C. § 841(b)(1)(A).  His sentencing guidelines range was 360 to life.  I

varied downward and sentenced him to 262 months imprisonment and ten years

supervised release.  With newly retained counsel, Williams appealed his

conviction, raising grounds of illegal search and seizure and unlawful sentence.

The Court of Appeals affirmed his conviction and sentence.  *United States v.*

*Williams*, 616 F.3d 760 (8th Cir. 2010). The United States Supreme Court later

denied his petition for certiorari.

Williams filed his initial § 2255 motion without counsel.  Counsel later

entered an appearance and filed an amended motion, and that is the motion now

before me.[1]  The amended motion raises multiple claims, several of which are

related to one another.  I here list his claims, using the section designations from

the amended motion:

I.    Trial counsel was ineffective in the following ways:

A.    Trial counsel was ineffective because he labored under a conflict of
interest, which arose because an alleged co-conspirator paid Williams' legal fee.

B.    Trial counsel was ineffective because he advised Williams to reject
the first plea offer.

C.    Trial counsel was ineffective because he failed to inform Williams of
the government's second plea offer.

---

[1] The same lawyer who represented Williams on direct appeal now represents him in this
§2255 motion.

D.    Trial counsel was ineffective because he did not advise Williams to plead guilty after the government filed an information under 21 U.S.C. § 851 seeking an enhanced sentence.

E.    Williams suffered prejudice from counsel's advice.

F.    Trial counsel was ineffective for not arguing Williams was part of a different conspiracy and by telling the jury in closing argument that Williams was a supplier.

G.    Trial counsel was ineffective for not investigating Williams' prior conviction, and intervening law holds that the prior conviction should not have been sufficient for an enhancement under § 851.

H.    Trial counsel was ineffective by failing to object to the jury instructions.

II.    Intervening law overruled the Court of Appeals decision that the prior conviction was a qualifying prior felony for § 851 purposes.

III.    Application of the sentencing enhancement under §851 violated Williams' Sixth Amendment right to jury trial.

IV.    Expert testimony was introduced in violation of William's Sixth Amendment right to confront witnesses.

*Discussion*

I will not hold an evidentiary hearing in this case.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).  But a claim may be dismissed "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).  Here, because

3

Williams' claims are either refuted by the record or facially inadequate, I conclude that no hearing is required.

### Ineffective Assistance of Counsel Claims – Ground I

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to succeed on an ineffective assistance of counsel claim, Williams must prove two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687. When considering counsel's performance, judicial scrutiny must be "highly deferential." *Id.* at 689. In fact, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. To show the prejudice element, Williams must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993).

4

The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

<u>Ground A:  Conflict of Interest</u>

Williams argues that his trial counsel had a conflict of interest because his legal fee was paid by Williams' cousin, Eugene Williams, who he says was an unindicted coconspirator.  Williams' evidence to support this claim is his own affidavit saying that immediately after his arrest in October, his cousin retained the lawyer who became his trial counsel.  The Court files reflect that when Williams was arrested and made his initial appearance in Chicago on October 9, he was assigned a public defender.  A retained lawyer (not the ultimate trial counsel) appeared with him in Chicago on October 21, and he was released on bond with instructions to appear in St. Louis.  He made his first appearance here in St. Louis on October 24, and at that initial appearance he requested the appointment of counsel and signed an affidavit showing he was unable to afford an attorney. Counsel was appointed and that lawyer appeared with Williams at the arraignment. The court file reflects that the appointed lawyer obtained initial discovery and did other preliminary work on the case.

Trial counsel's affidavit states that Williams himself hired him when they met in December.  Williams and the trial counsel signed a contract on December 9.

5

The document indicates that Williams told trial counsel he was paying the legal fee using funds borrowed from his mother, sister, and father.  That lawyer entered his appearance on December 11, shortly after Williams signed the contract with him, and ultimately represented him at trial.  This record refutes Williams' claim that trial counsel was retained in October by the cousin.

Even if I were to assume that Williams' factual statements about his cousin retaining counsel were true, the claim that trial counsel was ineffective because he labored under a conflict of interest would still fail, for several reasons.

First, Williams himself admits that he knew of this purported conflict of interest well before trial, yet he failed to raise the issue at any time.  The information indicating that Eugene Williams might be a source of the drugs (that movant himself was distributing) was contained in the discovery materials in the form of a statement made to authorities by a co-defendant, Jane Holmes.  Jane Holmes told authorities that movant Aaron Williams had told her that Eugene Williams was his source.  Trial counsel told Aaron Williams about this information when he learned it from the discovery materials.  Aaron Williams denied making the statement to Holmes.  For him to now claim that this was a conflict because Eugene Williams *was* the source of his drugs and paid the fee is completely inconsistent with his prior behavior.  In *United States v. Bonilla-Marquez*, 924 F.2d 770, 771 (8th Cir. 1991), the Court of Appeals held that a defendant had

6

waived the right to conflict-free counsel by failing to bring the conflict to the court's attention before trial, stating that the defendant "had no right to conceal the conflict from the Court, later citing it as justification for a new trial.  He knew exactly what he was doing and must abide by the consequences."  This is a very similar situation.  If there was a conflict, it was one that Williams knew about and should have raised earlier.

Second, even if a co-conspirator had retained trial counsel for Williams, that does not necessarily mean that counsel labored under a conflict of interest.  There is no evidence that trial counsel actually represented the cousin, so this is unlike the situation in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), where counsel actually represented several defendants in the same matter.  Because Williams failed to raise this issue in any way, the Court was under no obligation to conduct any inquiry, as discussed in *Holloway v. Arkansas*, 435 U.S. 475 (1988) and *Atley v. Ault*, 191 F.3d 865 (8th Cir. 1999), which are also mistakenly relied on by Williams.

But even if trial counsel had actually represented both Aaron Williams and his cousin Eugene Williams, that would not necessarily mean that counsel was ineffective.  Not even joint representation will create a per se violation of effective assistance of counsel.  *United States v. Reed*, 179 F.3d 622, 624-25 (8th Cir. 1999).

7

Williams has failed to show that there was an actual conflict of interest, and I will deny this ground without an evidentiary hearing.

<u>Grounds B, C and D:  Communications about Proposed Plea Agreements</u>

In Grounds B and C Williams argues that counsel failed to advise him of one or more plea offers, and that counsel gave him incorrect advice about whether to accept the plea offers.  He argues in Ground D that counsel should have re-opened plea negotiations after the government filed its § 851 information that lead to the enhanced sentence.  He has provided an affidavit saying that he wanted to plead guilty, and that he would have pleaded guilty if counsel had properly advised him of the offers.  His trial counsel has filed an affidavit contradicting the factual allegations raised by Williams related to the plea discussions.

Under *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), a lawyer's failure to advise a defendant about a plea offer, or a lawyer's improper advice about whether to accept a plea offer, can sometimes provide a basis for habeas relief.  As with other claims of ineffective assistance of counsel, the two-part *Strickland* standard applies, and a defendant must show both that his counsel's performance fell below standards of objectively reasonable representation and that the deficient performance caused prejudice.

Williams testified at trial, and under oath denied all involvement in the drug conspiracy.  He denied knowing persons who others had testified were involved

8

with him in the conspiracy; he directly refuted the testimony of both a co-

defendant and another conspirator who had pleaded guilty in a related indictment.

He now seeks to contradict his sworn testimony to the jury, and has provided a

sworn affidavit stating that he would have pleaded guilty.  To plead guilty he

would have been required to admit, under oath, that he conspired to distribute more

than a kilogram of heroin.

Williams cannot have it both ways.  He is essentially saying that he

committed perjury at trial.  Just as a defendant who has entered a guilty plea faces

a "formidable barrier" to try to claim later that he was not guilty, *Nguyen v. United*

*States,* 114 F.3d 699, 703 (8th Cir. 1997), a defendant who has actually testified to

a jury that he is innocent faces a formidable barrier to convince the court that he

really wanted to plead guilty.  Neither Mr. Frye nor Mr. Cooper testified at trial

and denied the allegations under oath.  In *Frye* the defendant actually pleaded

guilty, so he was not attempting to contradict his sworn testimony before a jury.  In

*Lafler* there was no question about whether Mr. Cooper had actually shot the

victim; instead the dispute was whether his lawyer was ineffective when he

advised that there could not be a conviction because the defendant had shot the

victim below the waist.  And this is certainly not like the usual § 2255 argument

made by a defendant who went to trial, put the government to its burden proof and

exercised his right to remain silent at trial.  A defendant who has not told a jury he

9

is innocent has at least a chance of making a credible argument that he wanted to plead guilty.  But Williams cannot do so.  Williams' claim that he would have pleaded guilty is conclusively refuted by his sworn testimony at trial, and therefore I need not hold a hearing on grounds B and C.

Williams' Ground D, in which he argues counsel was ineffective for failing to re-open plea negotiations after the § 851 enhancement was filed fails for the same reason, but it also fails for an additional reason.  Even if counsel should have re-opened plea negotiations at that late date, Williams still could not show any prejudice because he cannot show that the government would have then made him any plea offer.  While defendants have a right to effective assistance of counsel in considering plea offers, "defendants have no right to be offered a plea . . ."  *Lafler*, 132 S.Ct at 1387.  Williams cannot show that he was prejudiced by this.

<u>Ground E is not a separate ground</u>

In "Ground E" movant argues that he was prejudiced by the actions of his lawyer, so this is not a separate claim that counsel was ineffective.

<u>Ground F :  Different Conspiracy and Closing Argument</u>

The ground is extremely vague.  The ground reads, in its entirety:

**F.  Trial Counsel Was Ineffective for Not Arguing Petitioner Was Part of a Different Conspiracy and by Telling the Jury in Closing Argument that Petitioner was a Supplier**.

This issue was not raised on direct appeal though in the record because challenges to the constitutional effectiveness of counsel are brought

10

in Section 2255 petitions.  Essentially, petitioner's trial counsel conceded petitioner's guilt as a supplier to the jury, providing a basis for a guilty finding without any of the accommodations found in the proffered plea agreements.

Amended Motion, Doc.#10 at p.16

Movant's explanation of this argument is insufficient, to say the least.  There is no evidence of any different conspiracy, so counsel cannot be ineffective for failing to argue that.  Even if the evidence had supported some argument about a different conspiracy, that issue should have been raised on direct appeal.  Even in the absence of an objection by trial counsel, it could have been reviewed under a plain error standard.  And I have reviewed the transcript of the closing arguments and counsel did not refer to his client as a supplier.  Instead, he made strenuous arguments to the jury that the government had not been able to prove its claim that his client was a big drug dealer.  This ground provides no basis for relief.

Ground H :  Failure to Object to Erroneous Jury Instructions

Williams argues that his counsel was ineffective for failing to object to an improper jury instruction.  Although this claim is couched as a claim of ineffective assistance of counsel, it is really a challenge to the jury instructions on the merits. Williams cannot meet the *Strickland* prejudice prong unless he can show that had counsel challenged the instructions the result would have been different, in other words, unless he can show that the instructions were, in fact, wrong.  Erroneous jury instructions are matters for direct appeal, not collateral attack.  *Catches v.*

11

*United States*, 582 F.2d 453, 459 (8th Cir. 1978).   This claim is not of

constitutional magnitude and is not eligible for collateral relief.  *Id*.  It could have

been raised on direct appeal.  The decision by Williams' appellate counsel to save

this argument for collateral review does not change that fact, and Williams has not

shown that this results in a miscarriage of justice.

### Challenges to Sentencing Enhancement (Grounds I-G, II, and III)

Williams raises numerous challenges to the sentencing enhancement that he

received because of his prior conviction.  He challenged the application of this

enhancement on direct appeal and lost, but he again raises it in several different

ways.  In his ineffective assistance claim he argues, in Ground G, that counsel was

ineffective for failing to properly investigate the prior conviction.  Then in his

grounds labeled II and III and in a supplement he alleges that intervening law

requires his sentence to be vacated.  I will discuss these challenges together, as

they are related.

The government had told Williams and his lawyer that if he did not plead

guilty it would file a § 851information alleging a prior drug conviction and seeking

an enhanced sentence.  When Williams did not plead guilty, the government filed

the information shortly before trial.  Williams denied the prior conviction, so after

his conviction and at the beginning of the sentencing hearing the government

presented evidence in the form of a certified copy of the conviction.  Trial counsel

objected that the conviction was not final and that it was not actually a felony.  I overruled both objections.

On appeal, Williams again challenged the finality of the conviction and also argued that the government had not met its burden of showing that the conviction was for a qualifying felony under the statue.  The Court of Appeals rejected both arguments and affirmed the sentence, in an opinion issued on August 5, 2010.  The case had been argued and submitted to the Court of Appeals on June 15, 2010.  Williams filed a petition for rehearing en banc, which was denied on October 4, 2010.  He then filed a petition for certiorari, which was also denied.

On May 24, 2010, almost a month before the Court of Appeals argument, the United States Supreme Court decided the case of *United States v. O'Brien*, 130 S.Ct. 2169 (2010), which held that the machine gun enhancement under 18 U.S.C. § 924(c) was an element of the crime that must be proven to a jury beyond a reasonable doubt.  Williams argues that this is intervening authority showing that recidivist enhancements under 21 U.S.C. § 841 must also be proven to a jury.  Williams' counsel raised this issue with the Eighth Circuit Court of Appeals both at oral argument and again in his petition for rehearing en banc.  The Court of Appeals nevertheless affirmed the sentence.

On June 14, 2010, the Supreme Court decided the case of *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), holding that a conviction for simple

drug possession without an enhancement for recidivism does not constitute an "aggravated felony" for purposes of removal under the Immigration and Nationality Act. Williams' appellate counsel knew of the decision but made no attempt to file a supplemental brief or otherwise bring it to the attention of the Court of Appeals. The lawyer representing Williams on this § 2255 motion is the same lawyer who represented him on appeal. He argues that, despite his failure to raise this argument before the Court of Appeals while the direct appeal was still pending, it would be a miscarriage of justice for this court to refuse to consider it on this § 2255 motion. He also states that he made the strategic decision not to raise the issue before the Court of Appeals, presumably so he would have something in reserve to argue if he lost the appeal. Then, even though he himself did not raise it when he could have on appeal, he argues that trial counsel was ineffective not to have foreseen the Supreme Court's decision.

Recently Williams filed a request to cite intervening authority, which I granted, in which he argued that the Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151(2013) is additional intervening authority from which he should benefit. Similar to his argument regarding *O'Brien*, he argues that *Alleyne* requires sentencing enhancements under § 841 to be charged in an indictment and proven to a jury beyond a reasonable doubt.

14

The government argues that these claims are an attempt to re-litigate the direct appeal, and I agree.  It is well settled that a "collateral challenge may not do service for an appeal," *United States v. Frady*, 456 U.S. 152, 165 (1982), which means that issues that were or could have been raised on direct appeal may not be raised in a § 2255 motion.

Counsel acknowledges that he could have brought *Carachuri-Rosendo* to the attention of the Court of Appeals, but he made the strategic decision not to do so. Because that argument could have, and should have, been brought on direct appeal, it cannot be raised here.  And surely trial counsel could not be deemed ineffective for failing to raise an issue based on a Supreme Court case that had not yet been decided, especially where, as here, current counsel argues that it was appropriate for him to forego raising it on appeal even after it had been decided.  This argument is waived.

The arguments based on *O'Brien* are similarly unavailing.  Counsel did bring this up to the Court of Appeals, twice, and the Court of Appeals rejected the arguments.  I cannot grant §2255 relief on an argument that was already rejected by the Court of Appeals.  Section 2255 is not a forum to re-litigate matters decided on direct appeal.  To the extent Williams argues that his trial counsel was ineffective for failing to raise this argument, he obviously cannot show prejudice under *Strickland* because the Court of Appeals rejected the argument even when it

15

was raised.  Counsel cannot be deemed ineffective for failing to raise a meritless argument.

Moreover, *Alleyne* does not change matters.  That case specifically recognized, in footnote 1, that it was not changing the rule of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that the fact of a prior conviction need not be proven to a jury.  The § 851 enhancement at issue here is based on the fact of a prior conviction, and it is an issue to be determined by a judge as a sentencing factor.

### Confrontation Clause – Ground IV

Relying upon *Melendez-Dias v. Massachusetts*, 557 U.S. 305 (2009), Williams' alleges that Salvador Cira's expert testimony violated the Sixth Amendment's Confrontation Clause.  Williams claims that Cira testified about a lab report prepared by someone else and about statements of other defendants about prices of heroin.  Williams could have, but failed to, bring this claim on direct appeal.  Constitutional and jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and prejudice, or actual innocence.  *See Bousley v. United State*s, 523 U.S. 614, 622 (1998). Williams has not provided cause or prejudice to overcome this procedural default.  He has not alleged that his appellate counsel was ineffective, and he has not shown that any testimony was erroneously admitted.

Trial counsel objected to the evidence, and based on those objections I placed certain limitations on the testimony.  Cira abided by those limitations.  This argument could have been raised on direct appeal, and the claim is procedurally barred.

Finally, I note that this argument, like many of the other claims raised in this motion, it is simply wrong.  Cira testified as an expert about drug trafficking and prices, based on his own experience of many years in law enforcement.  His testimony was not based on any lab reports or inadmissible hearsay.  The evidence establishing that the substance was heroin and its quantity had already been introduced before Cira testified.

### Certificate of Appealability

As Williams has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

17

**IT IS HEREBY ORDERED** that Aaron Williams' motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [#1, #10] are DENIED.

A separate Judgment is entered this same date.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2013.